Filing # 72135661 E-Filed 05/15/2018 09:35:34 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

LASHANNDA JONES,
*on behalf of herself and on behalf
of all others similarly situated*,

    Plaintiff,

v.

THE SALVATION ARMY,

    Defendant.

_____/

CASE NO.: 2018-CA-3117

DIVISION: CV-F

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LASHANNDA JONES ("Plaintiff"), by and through undersigned counsel, and on behalf of herself and all others similarly situated, as well as in the public interest, brings the following Class Action as of right against Defendant, THE SALVATION ARMY. ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq., and in support of her claims states as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x. The FCRA imposes several important requirements on employers that use a background checks as part of their hiring processes, which are designed to protect consumers like Plaintiff.

2. Defendant, THE SALVATION ARMY, is a foreign Georgia non-profit Corporation headquartered in Atlanta, Georgia and doing business in Duval County, Florida. Defendant fills its staffing needs with consumers like Plaintiff.

3. As part of its hiring processes, Defendant uses consumer reports (commonly known as background checks) to make employment decisions. Because such employment decisions are

based in whole or in part on the contents of the background checks, Defendant is obliged to adhere to certain requirements of the FCRA.

4. When using criminal background reports for employment purposes, employers must, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants -- like Plaintiff -- with a copy of their respective background reports as well as a written summary of their rights under the FCRA.

5. Providing a copy of the criminal background report as well as a statement of consumer rights before making an adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision. Even where reports are accurate, the FCRA still demands that notice be given so applicants have an opportunity to address any derogatory information with employers before a hiring decision is made.

6. First, Defendant brings a class claim under 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action based on undisclosed consumer report information against Plaintiff and other putative class members, without first providing them with a copy of the pertinent consumer report, and without providing her a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

7. Second, Plaintiff brings class claims against Defendant for its violation of 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes without first making proper disclosures to them in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its

employees—in a document that consists solely of the disclosure—that it may obtain a consumer report on them for employment purposes. This disclosure must be made by employers prior to obtaining copies of employees', or prospective employees', consumers reports. Defendant willfully violated this requirement by failing to provide Plaintiff and other putative class members with a copy of a separate document solely consisting of Defendant's disclosure. This practice violates long-standing regulatory guidance from the Federal Trade Commission ("FTC").

8. Third, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports for Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

## JURISDICTION AND VENUE

9. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs for violations of the FCRA.

10. Venue is proper in this judicial district because Defendant does substantial business within this circuit.

11. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193. Specifically, Defendant was subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through acts and omissions in the State of Florida

## PARTIES

12. Plaintiff is a "consumer" as protected and governed by the FCRA.

13. Defendant is a Georgia non-profit corporation and is an employer as defined by the FCRA.

## FACTUAL ALLEGATIONS

14. Named Plaintiff Lashannda Jones applied for and was hired as a Store Manager by Defendant in January 2018.

15. Defendant offered Plaintiff a position, which was contingent on a background check. Defendant ordered a background check on Plaintiff from a consumer reporting agency between January 2018 and February 2018.

16. Defendant's background check violated the FCRA as it failed to provide her with the statutorily-mandated stand-alone disclosure as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

17. Further, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports for Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

18. On February 23, 2018, Defendant's terminated Plaintiff's employment because of the content contained in the background check Defendant procured on Plaintiff.

19. Defendant did not provide Plaintiff an opportunity to dispute the results of the consumer report before taking adverse action.

20. Defendant did not provide Plaintiff with a copy of the consumer report prior to these adverse actions.

21. Defendant has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which it operates. Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

22. As a result of the aforementioned FCRA violations, Defendant is liable to Plaintiff, and to each Class member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §

1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

23. Defendant's conduct and omissions were willful. Because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

24. Defendant, a nationwide employer, was aware of obligations under the FCRA as they relate to employment because, based upon information and belief, it hired a third party consumer reporting agency not only to perform its background checks but also to (attempt to) provide adverse-action notices to job applicants. Defendant therefore knew of the requirements imposed upon it by the FCRA, and failed to craft a system that would ensure compliance with those requirements.

25. Plaintiff was confused and districted by the extraneous material contained in Defendant's disclosure. More specifically, Plaintiff was confused about her rights due to the presence of the additional language contained in Defendant's disclosure form.

26. Plaintiff values her privacy rights. If Plaintiff was aware Defendant had presented her with an unlawful disclosure form, Plaintiff would not have authorized Defendant to procure a consumer report and dig deep into her personal, private and confidential information.

## LEGAL REQUIREMENTS

27. Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –

        (i)     a copy of the report; and

        (ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

28. The purpose of § 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, to notify the prospective employer of these inaccuracies before an adverse action is taken and generally to discuss the contents of the report with the prospective employer.

29. This statutory requirement was enacted by Congress expressly to protect consumer privacy by restricting the circumstances under which a person (in this instance Defendant) could obtain and use a consumer's personal information consumer report.

30. In enacting this FCRA provision, Congress also expressly sought to guarantee important material information be provided to Plaintiff and consumers like her with respect to employer use of a consumer report for an employment adverse action.

31. Plaintiff and each putative class member has been substantively harmed and injured by Defendant in the violation of their personal privacy and in the deprivation of the congressionally mandated information.

32. It was unlawful for Defendant to take adverse action against Plaintiff on the basis of information contained in a consumer report, without first providing Plaintiff with a copy of the report, notifying Plaintiff of her rights under the FCRA, and giving Plaintiff a reasonable opportunity to respond.

33. It was also unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

34. Defendant violated 15 U.S.C. § 1681b(b)(3)(A) when it took adverse employment action against Plaintiff based on information in her consumer report, without first providing Plaintiff with a copy of her consumer report, notifying them of her of her rights under the FCRA, and giving her a reasonable opportunity to respond to the information in the report and engage in discussion with Defendant.

35. Moreover, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

36. The FCRA also requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain…a free copy of the consumer report on the consumer from the consumer reporting agency…[within]

the 60–day period," and (v) it is providing the employee with "notice of the consumer's right to dispute…with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." See 15 U.S.C. §§ 1681b and 1681m.   Defendant failed to follow these mandates.

## DEFENDANTS ACTED WILLFULLY

37.     Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

38.     Before a person takes an adverse employment action, it must provide two documents to the prospective employee. *See* Letter from Clark W. Brinckerhoff to Erick J. Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II") (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.,* Civil Action No. 3:05cv853 (E.D. Va. 2006), Report and Recommendation of Magistrate Judge Hannah Lauck dated November 7, 2006, adopted by Judge R. Payne January 8, 2005, (holding that a user of a consumer report must provide to the consumer a copy of the report and disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer can rectify any inaccuracies in the report, and simultaneous provision of the report does not satisfy this requirement); *Kelchner v. Sycamore Manor Health Center,* 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004); (holding a reasonable period for the employee to respond to disputed information is not required to exceed five business days following the consumers receipt of the consumer's report from the employer); *Beverly v. Wal-Mart Stores, Inc.,* No. 3:07cv469 (E.D. Va. 2009) (Consent Order providing ChoicePoint mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Pre-adverse Action Notices).

39.     To ensure knowing compliance with the FCRA, Congress requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) whenever the employer decides to take adverse action based in whole or in part on the consumer report.  15 U.S.C. § 1681b(b)(1)(A).

40.     Upon information and belief, Defendant knowingly executed a certification providing that it would comply with the various provisions of the FCRA whenever adverse action was contemplated or taken based in whole or in part on information contained in a consumer report.

41.     Despite its certification, Defendant knowingly violated the FCRA.

42.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

43.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to §§ 1681n and 1681o.

44.     Defendant conduct in failing to properly match employment history to the subject of a report was willful.

## CLASS ACTION ALLEGATIONS

45.     Pursuant to Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of all other similarly situated individuals.

46.     In Count One, Plaintiff asserts an FCRA class claim under 15 U.S.C. § 1681b(b)(3) on behalf of a "Pre-Adverse Class" consisting of:

> All Salvation Army employees and job applicants in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, who were not provided the proper pre-adverse notice as required by the FCRA.

47. In Counts Two and Three, Plaintiffs assert a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class," consisting of:

> All Salvation Army employees and job applicants in the United States who were the subject of a consumer report that was procured by Salvation Army within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.

48. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by the Defendant, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

49. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. The total focus of the litigation will be Defendant's uniform conduct and procedures; whether Defendant provided the required FCRA disclosures and, if so, are/were they compliant; and, whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

50. **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendant uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged him and the Class. Plaintiff seeks only statutory and

punitive damages for her class-wide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Defendant uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

51. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel has prosecuted complex FCRA class actions across the country.

52. **Superiority.** Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the class-wide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of Defendant to give Class members the proper notice. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

53. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the

class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### COUNT I – CLASS CLAIM FOR VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendant's failure to provide Plaintiff and the putative Pre-Adverse Class with a copy of the consumer report upon which it based its decision to take the adverse action, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3).

56. Likewise, Defendant's failure to provide Plaintiff and the putative Pre-Adverse Class the mandated FTC/CFPB Summary of FCRA Rights, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3).

57. Defendant's obtaining and use of Plaintiff's, and the putative Pre-Adverse Class's, consumer reports without compliance with § 1681b(b)(3) violates 15 U.S.C. § 1681b(f).

58. The conduct, action, and inaction of Defendant were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

### COUNT II – CLASS CLAIM FOR VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(i)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

61. In violation of the FCRA, the background check that Defendant required Plaintiff and the putative Background Check Class to complete as a condition of their employment with

Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendant failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized.

62. Plaintiff and the putative Background Check Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

63. Plaintiff and the putative Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## COUNT III – CLASS CLAIM FOR VIOLATION OF VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(ii)

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

65. Defendant violated the FCRA by procuring consumer reports relating to Plaintiffs and other Background Check Class members without proper authorization.

66. The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); see also *United States v. DeFries*, 129 F.3d 1293, 1307 (D.C. Cir. 1997) ("[A]uthorization secured 'without disclosure of . . . material information' is a nullity.")

67. The foregoing violations were willful. At the time Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the putative Class Members it was required provide a stand-alone form

13

(separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiffs and the Putative Class.

68. Plaintiff and the putative Background Check Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

69. Plaintiff and the putative Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. That an order be entered certifying the proposed Class Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure and appointing Plaintiff and her Counsel to represent the Class;

b. That judgment be entered for the proposed Class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

c. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o, against Defendant;

d. That judgment be entered against Defendant for actual damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n;

e. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o against Defendant; and,

f. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## JURY TRIAL DEMAND

Plaintiff and the putative class demand trial by jury as to all issues so triable.

Dated this 15th day of May, 2018.

                                      Respectfully submitted,

                                      */s/ Luis A. Cabassa*

                                      **LUIS A. CABASSA**
                                      Florida Bar Number: 0053643
                                      Direct No.: 813-379-2565
                                      **WENZEL FENTON CABASSA, P.A.**
                                      1110 North Florida Avenue, Suite 300
                                      Tampa, FL 33602
                                      Main No.: 813-224-0431
                                      Facsimile: 813-229-8712
                                      Email: lcabassa@wfclaw.com
                                      Email: bhill@wfclaw.com
                                      Email: twells@wfclaw.com
                                      **Attorneys for Plaintiff**